# MEYER *et al. v.* BENKLEMAN.

*(Supreme Court of Colorado, Feb. 10, 1880.)*

PRACTICE. BILL OF EXCEPTIONS can only be authenticated by affidavit in cases in which the judge "neglects or refuses" to allow and sign it.

DILIGENCE. A litigant to whom time is allowed to prepare and tender bill of exceptions, must exercise due diligence, both in the preparation and presentation of same.

AFFIDAVIT OF COUNSEL, that he was informed that the judge was absent from the district, is not evidence that the judge was so absent, even if such absence amounts to failure or refusal to allow bill.

PER CURIAM. This is a motion to strike the bill of exceptions from the record.

The bill is attested and proved by affidavits. This method of authentication cannot be resorted to in the absence of "neglect or refusal"of the judge to allow, sign and seal the bill.

The bill, as a matter of fact, was never tendered the judge; but it is claimed that he was absent from the district on the 18th of July, when the bill was prepared and ready to be tendered; that this excuses failure to tender, and authorized the authentication as in case of neglect and refusal of the judge.

The order of the court gave the appellants thirty days from the 20th of June, within which to file their bill of exceptions. The 20th of July being Sunday, the limitation expired on the 21st, (Code, 400—King's Code, 385). Twenty-seven days of the thirty granted, passed before the appellants employed counsel, or took any steps to pursue their appeal.

The bill of exceptions was not ready for signature until the 18th of July, when counsel being informed that the judge was absent from the district, no effort was made to tender it.

Orders of this character are supposed not only to give time for the preparation of the bill, but ample time for its presentation to the judge, wherever he may be in his district. Both in its preparation and presentation due diligence must be used. If appellants or their counsel negligently postpone all action until the last days of the time limited, they cannot, with any grace, ask to be relieved from the hardship of a temporary absence of the judge from his district. The neglect is theirs and not the judge's.

Again, if absence of the judge from his district amount to a "neglect or refusal" within the spirit of the statute, the fact of his absence does not sufficiently appear.

Counsel states in his affidavit that he was so informed, but that such information was correct we have no evidence; so that, in the sense contended for, there is no foundation for saying that the judge neglected or refused to allow the bill so as to warrant its authentication by affidavit.

The motion must be allowed.